IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01258-KAS

GREGG KOVAN,

    Plaintiff,

v.

JEAN KIM,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on **Plaintiff's Motion in Limine to Determine Admissibility of Evidence of Mountain Safety Warning** [#25] (the "Motion"). Defendant filed a Response [#27],[1] and Plaintiff filed a Reply [#28]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law. For the reasons set forth below, the Motion [#25] is **DENIED WITHOUT PREJUDICE**.[2]

**I. Background**

This matter arises from a January 27, 2021 skier-on-skier impact between Plaintiff and Defendant while both were skiing on Vail Mountain. *Motion* [#25] at 2; *Response* [#27] at 1. Defendant's Guest Connect account indicates that she was given a Vail

---

[1] Defendant also filed a Response at Docket Entry #26, which appears to be identical to the Response at Docket Entry #27, but lacks the exhibits attached to the subsequent filing.

[2] The parties proceed before the undersigned on consent pursuant to 28 U.S.C. § 636(c). *Consent* [#16]; *Order of Reference* [#18]; *Reassignment* [#29].

1

Mountain Safety ("VMS") warning a day after the incident. *Motion* [#25] at 3; *Response* [#27] at 2. Plaintiff was not given a VMS warning. *Motion* [#25] at 4; *Subpoena Prod.* [#25-5] at 9.

Following the deposition of VMS employee Boyd Blackwell, Plaintiff filed a motion in limine asking the Court to determine that Defendant's VMS warning (and Plaintiff's corresponding lack of a warning) is admissible as either a business record or a past recollection recorded. *Motion* [#25] at 7-12. Defendant argues that no hearsay exception applies, that her VMS warning should be excluded as unduly prejudicial, and that the VMS warning will operate as an unsupported expert opinion. *Response* [#27] at 4-10.

The Court understands the parties' need for clarity on this issue "to evaluate the case for resolution and prepare the case for trial." *Motion* [#25] at 1-2. For the reasons discussed below, the Court finds that Defendant's VMS warning (and Plaintiff's corresponding lack of VMS warning) are business records which would be subject to the hearsay exception, but that Plaintiff has not shown sufficient indicia of reliability and trustworthiness to make them admissible. Accordingly, the Court denies Plaintiff's motion without prejudice.

This does not mean that the VMS warnings *must be* excluded at trial, but Plaintiff will first need to lay a proper foundation by eliciting testimony (perhaps from Jesse Eckert) corroborating the circumstances surrounding Defendant's specific Guest Connect entry or VMS's general practice surrounding the entry of warnings. As for Defendant's other arguments, it would be premature for the Court to consider them now, as Plaintiff will need to offer more support before the VMS warnings may be admitted.

## II. Standard of Review

**A.     Motions in Limine**

Motions in limine allow the trial court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, trial." *Fox v. Makarchuk*, No. 19-CV-207-ABJ, 2021 WL 9563250, at *1 (D. Wyo. June 2, 2021) (quoting *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002)); *In re Buckner*, 2001 WL 992063, at *3 (B.A.P. 10th Cir. Aug. 30, 2001) (same). While it is uncommon for a motion in limine to seek admission rather than preclusion of evidence, such requests are permissible. *See, e.g.*, *United States v. Majeed*, No. 21-20060-JAR, 2024 WL 992884, at *2 (D. Kan. Mar. 6, 2024) (considering motion in limine to admit certain evidence as intrinsic to the charges); *United States v. Sablan*, No. 00-cr-00531-WYD, 2008 WL 700172, at *11 (D. Colo. Mar. 13, 2008) (considering motion in limine to admit character and habit evidence). The benefit of motions in limine is that they "may save the parties time, effort and cost in preparing and presenting their cases." *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) (citing *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996)).

The following considerations govern motions in limine:

> The movant has the burden of demonstrating that the evidence is inadmissible[3] on any relevant ground. The court may deny a motion in

---

[3] The Court notes that, because Plaintiff's Motion [#25] seeks admission of evidence rather than preclusion of evidence, this inverts many of the relevant black-letter legal standards. For example, rather than requiring the movant to demonstrate "that the evidence is inadmissible on any relevant ground", Plaintiff must demonstrate that the evidence is *admissible* on any relevant ground. *Cf. First Sav. Bank*, 117 F. Supp. 2d at 1082. Similarly, denial of this Motion does not necessarily mean that all evidence contemplated in the Motion will be *excluded* at trial. *Id.*

> limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*Id.* (internal quotation marks and citations omitted).

### B.     The Rule Against Hearsay

Under the Federal Rules of Evidence, hearsay is a statement that the declarant does not make while testifying at the current trial or hearing; and which a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is inadmissible unless federal statute or the Federal Rules of Evidence provide otherwise. Fed. R. Evid. 802. Two exceptions are relevant here: a recorded recollection and records of a regularly conducted activity (or the absence thereof). Fed. R. Evid. 803(5)-(7). Finally, "hearsay within hearsay" is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule. Fed. R. Evid. 805.

#### 1.     Recollection Recorded Exception

Under Fed. R. Evid. 803(5), a record of "a matter the witness once knew about but now cannot recall well enough to testify fully and accurately," which "was made or adopted by the witness when the matter was fresh in the witness's memory" and "accurately reflects the witness's knowledge" is admissible, though "if admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party."

Where a recollection is recorded through the efforts of more than one person, there

are "sufficient indicia of accuracy to be admitted in evidence when the parties who jointly constructed the record testify that, on the one hand, the facts contained in the record were observed and reported accurately, and on the other hand, that the report was accurately transcribed." *United States v. Hernandez*, 333 F.3d 1168, 1179 (10th Cir. 2003). In this situation, "each participant in the chain" must "testif[y] at trial as to the accuracy of his or her piece of the chain." *Id.*

### 2. Business Records Exception

To satisfy Fed. R. Evid. 803(6), "records must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy." *United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008) (citing *United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006)). The proponent of the document must lay the foundation for its admission. *Id.* (citing *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999).

The Tenth Circuit has warned that "business records are potentially fraught with double hearsay", which may occur "'when the record is prepared by an employee with information supplied by another person.'" *United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006) (citing *TK-7 Corp. v. Est. of Barbouti*, 993 F.2d 722, 729 (10th Cir. 1993) and quoting *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (10th Cir. 1991)).

Moreover, evidence that a matter is not included in a business record is not hearsay if "the evidence is admitted to prove that the matter did not occur or exist"; "a

5

record was regularly kept for a matter of that kind"; and "the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(7).[4]

### III. Analysis

Plaintiff argues that Defendant's VMS warning and his lack of VMS warning are admissible under the recollection recorded and business records hearsay exceptions. *Motion* [#25] at 7-10. He also argues that Defendant's VMS warning (and his lack of warning) are not unfairly prejudicial under Rule 403. *Id.* at 10-12. Defendant argues that this evidence does not fall within a hearsay exception, and that it is unfairly prejudicial under Rule 403. *Response* [#27] at 4-9. She also argues that the evidence would operate as an unsupported expert opinion. *Id.* at 9-10.

Because the Court is not satisfied that the VMS warning falls within a hearsay exception, it would be premature to discuss Defendant's alternate arguments under Rule 403 or her expert opinion arguments. Should Plaintiff satisfy the Court with additional indicia of the VMS warning's reliability and trustworthiness, Defendant may still raise those objections at trial.

**A.   Recorded Recollection Exception**

Defendant argues that the VMS warning is not admissible through the recorded

---

[4] While an ordinary motion in limine might seek *exclusion* of a business record and requires the movant to show the evidence is untrustworthy, in this case Plaintiff is seeking *admission* of a business record and therefore he must show sufficient indicia of trustworthiness. *See, e.g.*, *Ackerman v. Nawrocki*, Case No. 16-cv-00627-MEH, 2017 WL 2311201, at *2 n.2 (D. Colo. May 26, 2017) (finding the trustworthiness analysis from *United States v. Hernandez*, 333 F.3d 1168, 1179 (10th Cir. 2003) persuasive in the context of a motion to admit business records "because the [c]ourt must make a similar trustworthiness determination" in both), *2 (finding the preparation of a business record lacked sufficient indicia of reliability to be admissible).

recollection hearsay exception because Mr. Blackwell did not make or adopt the VMS warning entry in the Vail Guest Connect system. *Response* [#27] at 7. Plaintiff argues in his Reply [#28] that, for the purposes of Rule 803(5), "it is immaterial that another employee actually uploaded the warning in the system based on Mr. Blackwell's report. It was contemporaneous, based on his own observation, and adopted by Mr. Blackwell." *Reply* [#28] at 4. The Court agrees with Defendant.

Plaintiff has satisfied the first element of the recorded recollection exception. The VMS warning is a record "on a matter [Mr. Blackwell] once knew but now cannot recall well enough to testify fully and accurately." Fed. R. Evid. 803(5)(A); *see, e.g.*, *Depo. of Blackwell* [#25-4] at 22:12-24; 29:16-30:5 ("Q. So you wouldn't remember if you did give a warning? A. I guess not. I mean, it says I gave the warning then I did, but I do not remember.").

However, Plaintiff has not satisfied the second element, that Mr. Blackwell *made or adopted* the record when it was fresh in his memory. Fed. R. Evid. 803(5)(B). Mr. Blackwell's testimony confirms that he does not personally upload VMS warnings to the Vail Guest Connect system, nor does he personally write anything on incident cards. *Depo. of Blackwell* [#25-4] at 27:22-28:4; 28:16-19. Also, Defendant's VMS warning was entered by Jesse Eckert, rather than Mr. Blackwell. *Id.* at 24:21-25:1; 26:4-10; *Subpoena Prod.* [#25-5] at 17. Thus, Mr. Blackwell did not "make" the record.

Nor did Mr. Blackwell adopt the VMS warning record when it was fresh in his memory. Typically, a declarant's adoption of a record or statement is shown by them signing and swearing to it. *See, e.g.*, *United States v. Mornan*, 413 F.3d 372, 378 (3d Cir.

7

2005) (finding recorded recollection exception did not apply where "the Government did not show that [the declarant] either reviewed or adopted the examiner's recording" because "she testified that she could not remember if she reviewed the statement, and the writing does not bear [her] signature to indicate that she reviewed it and attested to its accuracy at the time the record was made"); *United States v. Williams*, 571 F.2d 344, 348 (6th Cir. 1978) ("By signing and swearing to the statement, [the declarant] adopted it."). Here, there is no evidence that Mr. Blackwell signed or swore to the statement, and there is no evidence that he "reviewed it and attested to its accuracy at the time the record was made." *Mornan*, 413 F.3d at 378. Even if Mr. Blackwell were to adopt the VMS warning now, that still would not satisfy the recorded recollection exception, because too much time has passed. *Id.*

Plaintiff has not carried his burden of showing that the VMS warning is admissible as Mr. Blackwell's recorded recollection. Accordingly, to the extent that Plaintiff asks the Court to find the VMS warning admissible through the recorded recollection hearsay exception, the request is **denied**.[5]

**B.    Business Records**

---

[5] The Court notes another problem with the "recorded recollection" exception: the VMS warning was constructed by more than one person. Mr. Blackwell claims to have witnessed the collision, while Mr. Eckert entered the VMS warning into the Guest Connect system. *Depo. of Blackwell* [#25-4] at 27:22-28:4 (testifying that he does not personally upload VMS warnings to the Vail Guest Connect system); 26:4-10 (testifying that Mr. Eckert would have uploaded the warning); *Subpeona Prod.* [#25-5] at 17 (VMS warning entry by user "JECKERT"). Because this record was constructed by more than one person, "it is admissible under Rule 803(5) [only] where . . . each participant in the chain testifies at trial as to the accuracy of his or her piece of the chain." *Hernandez*, 333 F.3d at 1178. As the Court discusses below, Plaintiff has not made this showing either, though having Mr. Eckert testify at trial would resolve this particular concern. This would not address the "made or adopted" problem. Fed. R. Evid. 803(5)(B).

Plaintiff argues that the VMS warning, and his lack of warning, are admissible as business records pursuant to Fed. R. Evid. 803(6)-(7). *Motion* [#25] at 7-9. Defendant does not challenge the prima facie showing that these are business records, instead arguing that they are not subject to the exception because they are not sufficiently trustworthy. *Response* [#27] at 5-7. Again, the Court agrees with Defendant. The VMS warning is a business record, but without corroborating evidence (such as Mr. Eckert's testimony about the entry of VMS warnings), it lacks sufficient indicia of reliability and trustworthiness to be admissible under Rule 803(6).

1. **The Prima Facie Case**

Under Rule 803(6), records must (1) have been prepared in the normal course of business; (2) be made at or near the time of the events recorded; (3) be based on personal knowledge of the entrant or a person who had a business duty to transmit the information to the entrant; and (4) not have involved circumstances that indicate a lack of trustworthiness. *See Gwathney*, 465 F.3d at 1140-41 (citing *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004)).

The Court finds the first element satisfied here. First, Mr. Blackwell testified that it is his practice to issue warnings when he witnesses collisions between skiers. *Depo. of Blackwell* [#25-4] at 23:3-7. He described his ordinary practice: If he witnesses a collision, he determines who is at fault and takes a picture of that skier's pass. *Id.* at 23:3-15; 23:21-24:3; 25:9-12. The picture of the skier's pass is sent to the VMS email and then the email is uploaded to Vail Guest Connect. *Id.* at 28:5-15. Mr. Blackwell agreed that "whenever a warning's issued, it's going to show up under the party who was warned[,] under their

account[.]" *Id.* at 29:8-11. This sufficiently describes VMS's normal course of business when Mr. Blackwell witnesses a skier-on-skier impact.

The Court also finds the second element satisfied. An incident card shows that the alleged collision occurred on January 27, 2021, at approximately 10:50 a.m. *Subpoena Prod.* [#25-5] at 20. The VMS Warning is timestamped on January 28, 2021, at 6:06 a.m. *Id.* at 17. The record was made less than one day after the incident, which is certainly "near the time" of the event recorded. Fed. R. Evid. 803(6).

The Court finds the third element satisfied. Mr. Blackwell agreed that the fact Defendant received a warning and Plaintiff did not "indicated to [him], based on [his] practice, that [he] would've witnessed this collision[.]" *Depo. of Blackwell* [#25-4] at 23:3-7. The warning was thus based on Mr. Blackwell's personal knowledge, though as the Court discussed previously, Mr. Blackwell was not the entrant of the record—Mr. Eckert was. *Id.* at 26:4-10; *Subpeona Prod.* [#25-5] at 17 (VMS warning entry by user "JECKERT"). Thus, this element is satisfied so long as Mr. Blackwell "had a business duty to transmit the information to" Mr. Eckert. *Gwathney*, 465 F.3d at 1141 (citing *Hertz*, 370 F.3d at 1017).

While the "business duty" test is "the source of a good bit of uncertainty in the case law[,] . . . an employee or agent of the business activity in question will ordinarily be considered as acting under such a 'business duty'" while a bystander or volunteer will not. *White Indus., Inc. v. Cessna Aircraft Co.*, 611 F. Supp. 1049, 1060 (W.D. Mo. 1985) (citing, inter alia, *United States v. Plum*, 558 F.2d 568, 572 (10th Cir. 1977)); *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 794-95 (E.D. Pa. 2008) (finding that

information from shoppers and customers did not fall under the business record exception). Here, both Mr. Blackwell and Mr. Eckert were employees or agents of VMS. *Depo. of Blackwell* [#25-4] at 9:16-10-3 (testifying that he has been at VMS for three seasons); 24:21-25:1 (identifying Mr. Eckert as a supervisor for VMS). The Court finds this satisfies the "business duty" test. Accordingly, the VMS warning is presumptively a business record, and the lack of a VMS warning for Plaintiff presumptively falls under the absence of a business record. Fed. R. Evid. 803(6)-(7).

### 2. Indicia of Trustworthiness

However, the Court finds that Plaintiff has not yet offered sufficient evidence corroborating the VMS warnings' accuracy, reliability, and trustworthiness to allow its admissibility. Fed. R. Evid. 803(6)(E), (7)(C).

To this point, the parties both discuss *Ackerman v. Nawrocki*, No. 16-cv-00627-MEH, 2017 WL 2311201, at *2 (D. Colo. May 26, 2017). *See Response* [#27] at 6; *Reply* [#28] at 2-3 (both citing *Ackerman*, 2017 WL 2311201). There, the movant asked the court to admit statements which an eyewitness to the underlying ski accident made to ski patrol, under the business records exception. *Ackerman*, 2017 WL 2311201, at *1. The court declined, in part because the eyewitness was a Spanish-speaking non-employee whose comments were filtered through another non-employee (who translated them) before being given to ski patrol. *Id.* at *2. The court noted that the translation did not satisfy an independent hearsay exception. *Id.* However, the court also pointed out that "ski patrol does not have a sufficient self-interest in the accuracy of the record to justify an inference of trustworthiness." *Id.* Even though "ski patrol would certainly prefer that witnesses tell

11

the truth, it is not subject to any penalties should the statements be incorrect" and the movant "does not assert that ski patrol takes any actions to ensure the accuracy of the statements." *Id*. The final problem was that the record had been compiled by more than one person, so admissibility would have required "each participant in the chain testif[ying] at trial as to the accuracy of his or her piece of the chain"—instead, the non-employee translator declared under oath that she may not have accurately described what the eyewitness intended to convey. *Id.* (citing *United States v. Hernandez*, 333 F.3d 1168, 1179 (10th Cir. 2003)). The court concluded that "even if ski patrol had a self-interest in the accuracy of [the non-employee translator's] statement, the preparation of the witness form would not be sufficiently trustworthy to meet the business record exception." *Id.*

Here, Plaintiff argues past Defendant. He distinguishes *Ackerman* because there, the eyewitness and translator were non-employees and the translator "self-professed [a] lack of reliability," but this fails to address Defendant's arguments. *Reply* [#28] at 2-3. She correctly points out that ski patrol has minimal self-interest in the accuracy of this record and would face no penalties if the VMS warning were incorrect, and that the admissibility of the business record must be established "through testimony of each party involved in making of the record." *Response* [#27] at 6.

Unlike *Ackerman*, both the eyewitness and the record entrant were both employees, which admittedly provides some evidence of trustworthiness, but the other considerations all weigh against admissibility. First, even if Mr. Blackwell did not profess a lack of reliability, his testimony shows that he lacked even basic recollection: For example, when first asked about the VMS warning, Mr. Blackwell thought he had given

one to both Plaintiff and Defendant. *See Depo. of Blackwell* [#25-4] at 22:12-18 ("Q. And do you know if [Plaintiff] also received a warning? A. I believe so, yes, sir."). Even the testimony about what Mr. Blackwell witnessed was not drawn from Mr. Blackwell's recollection but was drawn backward from the conclusion that Defendant received a VMS warning and Plaintiff did not. *Id.* at 23:3-7 ("Does the fact that [Defendant] received a warning and [Plaintiff] does not, does that indicate to you, based on your practice, that you would've witnessed this collision? A. Yes, sir.'). Stated another way, Mr. Blackwell's testimony began with the conclusion that the VMS warning was reliable and worked backward. *See also id.* at 23:3-4, 8-11 (testifying that Defendant's VMS warning without one for Plaintiff "indicate[s] to [Mr. Blackwell] that [he] would've determined based on what [he] saw, that [Defendant] was the at-fault skier").[6] This is not evidence of the VMS warning's reliability or trustworthiness because Mr. Blackwell assumed those conclusions.

Defendant is correct that VMS is not subject to any penalties should Mr. Blackwell's warning turn out to be incorrect, nor has Plaintiff asserted that VMS takes any actions to ensure the accuracy of its warnings. *Response* [#27] at 6; *Ackerman*, 2017 WL 2311201, at *2. This does not indicate reliability or trustworthiness. Finally, the Court agrees with Defendant that there is a missing link between Mr. Blackwell and the VMS record: Mr. Eckert. *Response* [#27] at 6 (noting that the party seeking to admit a record must establish

---

[6] The Court notes that each question was phrased in a contingent manner: Defendant's VMS warning indicates that Mr. Blackwell "would've witnessed this collision"; "would've determined based on what [he] saw, that [Defendant] was the at-fault skier"; that she *would have been* the uphill skier and the merging skier. *Depo. of Blackwell* [#25-4] at 23:3-15. This provides no independent confirmation of Defendant's observations, or even that he witnessed the crash.

the accuracy of each party's contribution to the record through testimony of each party involved in making of the record") (citing *Ackerman*, 2017 WL 2311201, at *2).

Therefore, the Court agrees with Defendant and finds that the evidence proffered by Plaintiff in his Motion [#25] does not show sufficient indicia of reliability and trustworthiness to justify admission of the VMS warning as a business record. *See* Fed. R. Evid. 803(6)(E).[7] Accordingly, to the extent Plaintiff asks the Court to find Defendant's VMS warning and his own lack of VMS warning admissible under the business records hearsay exception, the request is **denied without prejudice**.

This does not mean that Plaintiff will be unable to admit the VMS warning as a business record at trial. To do so, he must provide additional indicia of reliability, likely in the form of Mr. Eckert's testimony as the entrant of the VMS warning. This would address Defendant's (and the Court's) concern about "the accuracy of [each] piece of the chain" and may also address VMS's duties, practice, and actions it takes to ensure accuracy of VMS warnings. *See Hernandez*, 333 F.3d at 1179.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that, should Plaintiff wish to admit the VMS warning into evidence, he must further demonstrate that it was sufficiently trustworthy to meet the business record exception by corroborating each piece of the chain.

---

[7] This factor also applies to the use of evidence that Plaintiff was not given a VMS warning. Fed. R. Evid. 803(7)(C). Accordingly, the Court's holding applies to the use of that evidence as well.

Dated: March 28, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge